GIBSON-MOORE MANUFACTURING CO. *v.* JOHN H. MEEK.

1. PLEADING. *Form of action. Declaration.*

Since all forms of action are abolished in this state, a declaration need only state, in concise and intelligible language, sufficient matter of substance to show that plaintiff has a meritorious case.

2. SAME. *Employe. Action for wrongful discharge. Declaration.*

A declaration alleging that defendant employed plaintiff for a term of one year. at specified weekly wages, and, during the year, without his fault, he was discharged, and that defendant owes him a certain sum as wages for the rest of the term, sufficiently states a cause of action.

FROM the circuit court of Monroe county.

HON. NEWNAN CAYCE, Judge.

Action by John H. Meek against the Gibson-Moore Man-

ufacturing Company, brought September 24, 1891, to recover the sum of $309, alleged to be due for wages. The declaration alleges that the plaintiff entered into the service of the defendant, and that the latter contracted to pay him, as his wages, ten dollars per week for one year, beginning March 1, 1891; that the plaintiff, in performance of his contract, continued to work for defendant until the eighth day of August, 1891, when he was discharged, without any fault on his part, but simply because defendant had discontinued the business about which plaintiff was employed; that defendant, having thus broken its contract, owes plaintiff at the specified rate of wages from the time of his discharge until the expiration of the year. The declaration also demands a small sum alleged to be due for certain extra services rendered. Defendant demurred to the declaration on the following grounds: (1) Because, under the form of action adopted, the measure of damages is not the sum agreed upon for the whole term, but only actual damages sustained by reason of the wrongful discharge; (2) because plaintiff seeks to recover full compensation for the term, when, in fact, no service has been rendered therefor; (3) because the declaration does not allege that plaintiff has used reasonable diligence and obtained like employment elsewhere, and thus reduced the damages; (4) under the form of action adopted by plaintiff, the suit is premature. The demurrer was overruled, and defendant filed its plea, averring that "it did not undertake and promise in manner and form as set forth and alleged in plaintiff's declaration," etc.

The case was tried, and resulted in a verdict and judgment for plaintiff for $111, and from this judgment defendant appeals.

The record contains no bill of exceptions, and it is therefore not necessary to set out the instructions, since the sole question presented is the correctness of the court's action on the demurrer to the declaration.

*Sykes & Bristow*, for appellant.

Plaintiff sues for the whole amount due for the unexpired term just as if he had rendered the service, thus suing for wages which are unearned. This the law does not permit. In this form of action plaintiff must be confined to a recovery of the actual damages sustained—that is, the amount he would have received if permitted to complete his contract, less what he actually earned in the meantime, or what he might have earned by due diligence. *Prichard* v. *Martin*, 27 Miss., 305; *Armfield* v. *Nash*, 31 *Ib.*, 361; *Hunt* v. *Crane*, 33 *Ib.*, 669; *Birdsong* v. *Ellis*, 62 *Ib.*, 418; *Decamp* v. *Hewitt*, 43 Am. Dec., 204; 64 Ala., 299; 78 Ill., 422.

The action was prematurely brought. *Bradshaw* v. *Branan*, 5 Rich. (S. C.), 465; *Willoughby* v. *Thomas*, 24 Gratt., 521.

If it be urged that the declaration is at least good for the small sum due for extra work, and for the brief period after the discharge and before the suit was brought, the reply is that this amount would be below the jurisdiction of the circuit court.


*Houston & Sykes*, for appellee.

The declaration is good, and the action was not premature. The form of the action is immaterial. Code 1892, § 671; *Lamkin* v. *Nye*, 43 Miss., 241; *Evans* v. *Miller*, 58 *Ib.*, 120.

After verdict a judgment will not be reversed for any mistake or misconception of the form of action, or for any other defect of form in the declaration or pleading. Code 1892, § 746; *Gale* v. *Lancaster*, 44 Miss., 413.

That the suit was not premature see *Prichard* v. *Martin*, 27 Miss., 305; *Birdsong* v. *Ellis*, 62 *Ib.*, 418.

In such action damages for breach of the contract up to the time of the trial may be recovered. 9 Ala., 292; 11 *Ib.*, 375; 7 Wis., 355; 8 C. B., 44.

In the absence of a bill of exceptions, the verdict will be presumed correct. It is evident the jury considered the

opportunity for obtaining other employment in reduction of the damages.

CAMPBELL, C. J., delivered the opinion of the court.

The fine argument of the learned counsel for the appellant might have prevailed half a century ago, when form was often of more importance with courts than substance, but, happily, that era has passed never to return. Now, substance is what the courts of this state look to. We have no forms of action. Every action is on the case, and one need only state a case in concise and intelligible language, containing sufficient matter of substance for the court to see that he has a meritorious cause, and his declaration will be sufficient. This declaration states the facts entitling plaintiff to recover, and was good on demurrer. The declaration purports to be in debt under the common law system of pleading, while the plea is *non assumpsit*, which entitled the plaintiff, under that system, to judgment *nil dicit*. He did not get judgment that way, but by a verdict, and, finding no error, the judgment on the verdict is

*Affirmed.*